STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. ERNEST TONGHANNI AND FRANK JERSEY, PLAINT-IFFS IN ERROR.

Argued February 15, 1921—Decided June 10, 1921.

1. Granting or refusing by the court of a severance for the trial of defendants jointly indicted is a matter of discretion not reviewable on error. Nor is it an abuse of discretion prejudicial to either defendant in maintaining their defence on the merits under section 136 of the Criminal Procedure act, when the only ground urged is that one of the defendants had been convicted of another crime.
2. Where defendants are jointly indicted charged with burglary, the right to ten peremptory challenges is a joint right and each defendant is not entitled to ten such challenges.
3. The defendants were indicted for breaking and entering with intent to steal, and if the evidence sustains that charge, the value of the goods taken is of no consequence.

On appeal from the Middlesex County Court of Quarter Sessions.

Before GUMMERE, CHIEF JUSTICE, and Justice BERGEN.

For the defendant in error, *Joseph E. Stricker.*

For the plaintiffs in error, *Thomas Brown.*

The opinion of the court was delivered by

BERGEN, J. The two defendants named, together with Louis Tonghanni, were indicted by the grand inquest of the county of Middlesex, New Jersey, for breaking and entering, by night, a factory building at Perth Amboy, in said county, with intent to steal goods and chattels there found. There was another count in the indictment charging the same offence by day. On motion of the prosecutor of the pleas, the court ordered a severance as to Louis Tonghanni and refused the application of the other defendants for a severance as to them,

and they were put on trial, convicted and sentenced, and by writ of error have brought the record here for review, on assignments of error and specification of causes for reversal, properly certified under section 136 of our Criminal Procedure act. The defendants urge the following reasons for reversal:

1. Refusal of the court to order a severance of the trial of plaintiffs in error. This is a matter of discretion not reviewable on error. Nor is it an abuse of discretion prejudicial to either defendant in maintaining their defence upon the merits, within the one hundred and thirty-sixth section of the Criminal Procedure act, when the only ground urged is that one of the defendants has been convicted of another crime. Proof of the conviction of crime of a witness is competent as affecting his credibility as a witness, but it cannot affect a witness who has not been convicted of crime, although tried with one who has, as it relates only to the character of the witness testifying and is no proof of the offence for which he is being tried. In addition to the foregoing the ordering of a severance of defendants for trial precedes the trial and is not a manifest wrong or injury suffered on the trial below within the purview of section 136 of our Criminal Procedure statute.

2. That the indictment charged burglary and the defendants were entitled to more than ten peremptory challenges, to which number defendants were limited by the ruling of the trial court. This matter was disposed of against the plaintiffs in error, so far as this court is concerned, by the opinion of Mr. Justice Knapp in *Connors* v. *State,* 45 *N. J. L.* 340, which contains a careful analysis of our statute on the subject.

3. That the testimony of the witness Du Bois as to the value of the material alleged to have been stolen by defendants was hearsay, and, therefore, incompetent. The principal crime charged was breaking and entering with intent to steal, and if that charge was proven it was of no consequence what the value of the goods taken was. But Du Bois testified that he knew of his own knowledge that there was in the vault on December 28th, 1919, platinum in sponge, in wires and in liquid form, but not the exact quantity, but that he had a

report from the manager of the platinum and gold departments containing a list of the goods in the vault on that day, and from it testified as to its value. Mr. Brunner, the manager, testified that he made up the list on the 28th of December, 1919, the date of the alleged crime, and gave it to Du Bois. That the quantity was ascertained by adding the receipts and deducting shipments, but both witnesses testified there was a quantity of the materials in the vault when it was closed Saturday noon, December 28th, 1919, and that they were gone when they went to the vault on the next business day. This was not hearsay. but what they each saw, all of which had been stolen in the meantime. The quantity that should have been there was proven, and its loss established. Its value was of no importance, as the charge was breaking and entering, but if it was it was sufficiently proven.

4. That the court overruled a question put to an expert witness named Long concerning his opinion as to whether the drilling of the safe door was done by an amateur or not. There was no evidence to qualify him on that subject, because he said he could not tell whether it was done by an amateur or not.

5. That the trial court improperly ruled on questions of evidence. None of the rulings by the court relating to the testimony of the witness Kron are legally objectionable, for, whether he was or not an accomplice, his testimony was legal, and while the court did not caution the jury to accept the testimony of an accomplice with caution, it was not requested. It is doubtful whether he was an accomplice, for it is admitted he withdrew from the enterprise before it was actually entered on. As to the other objections argued in this branch of the case, we find no errors in the rulings of the trial court.

6. Refusal to direct for defendants. It would have been improper to have done so, for there were sufficient facts from which an inference of guilt could be drawn.

7. That the court charged that it was undisputed that there was a quantity of precious metals in the vault worth $75,000. The evidence shows that there was this amount in the vault,

and no attempt was made to dispute it, but whether so or not it was harmless, as value was of no consequence.

8. That the court charged that the jury "must consider any former convictions of crime in order to determine whether that in your mind affects the degree of credit as to their testimony." The criticism is that the consideration of former conviction is not mandatory, as the jury may disregard it. The expression of the judge relating to the word "must" was applied to the consideration of the evidence; he did not say that they must accept such proof as conclusive. The jury could not have misunderstood the meaning of the court, and it was their duty to consider it.

The judgment of conviction is affirmed.