STATE OF NEW JERSEY, PLAINTIFF, v. FREEMAN
WARREN, DEFENDANT.

Superior Court of New Jersey
Resentencing Panel
Passaic County

Decided January 22, 1980.

Before Judges COLEMAN, MARZULLI and YANOFF.

*Norman J. Rosenblum,* attorney for defendant.

*Alice Collins,* attorney for the State. (*Burrell I. Humphrey,* Passaic County Prosecutor, attorney).

PER CURIAM.

Defendant was convicted under Indictment 546–78 for violation of *N.J.S.A.* 2A:94–1 (entry with intent to steal). As a result he was sentenced to New Jersey State Prison for a minimum term of two years and a maximum of three.

Defendant seeks to have the court review that sentence and impose a new sentence in accordance with the provisions of the New Jersey Code of Criminal Justice. Defendant contends that the maximum established by the Code for the offense he committed is 18 months. He alleges that, under *N.J.S.A.* 2C:18–2(b), burglary is a crime of the fourth degree since defendant's purpose was to commit a disorderly persons offense. Thus, a

sentence of three years exceeds the maximum of 18 months established by the Code for such an offense.

The controlling element for purpose of this review was that defendant intended to steal at the time of the breaking and entering. It was not necessary under *N.J.S.A.* 2A:94-1 that he should actually have taken anything. Even if something were taken, the value of goods was of no consequence. *State v. Tonghanni*, 96 *N.J.L.* 63 (Sup.Ct.1921). The offense was complete if the burglar was apprehended in the process of entering, as often happens. This has not changed under *N.J.S.A.* 2C:18-2, except for gradation of the offense.

A review of this case indicates the State is entitled to the benefit of all legitimate inferences reflected by defendant's own statement and actions. *State v. Brown*, 80 *N.J.* 587, 591 (1979). The presentence report indicates that at the time the defendant entered a plea of guilty to the offense, he stated that he was in need of money and that he had been laid off from his job.

In the absence of circumstances indicating that it was defendant's purpose to commit a disorderly persons offense, we have determined that his purpose was to commit a crime; in this instance he entered the building with purpose to steal. Since the Panel has concluded that his purpose was to steal, it has the right to infer that his purpose was to steal anything of value. This inference can be properly inferred from the surrounding circumstances. *State v. Mayberry*, 52 *N.J.* 413, 436 (1968).

We cannot conclude that if he had found $25,000 he would have taken less than $200 in order to make it a disorderly persons offense. The Panel has the right to infer it was his purpose to steal whatever was available, irrespective of its value.

Therefore, his crime constitutes one of the third degree for which the maximum penalty is five years. Defendant's application to be resentenced will be denied.