222 N.J. Super. 227 (1988)
536 A.2d 758
STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
ALBERT HARRY SUBIN, A/K/A WILLIAM FRANCIS MAY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 4, 1987.
Decided January 11, 1988.
*228 Before Judges MICHELS, SHEBELL and GAYNOR.
*229 Edward P. Hannigan, Deputy Public Defender, argued the cause for appellant (Alfred A. Slocum, Public Defender, attorney, Edward P. Hannigan, of counsel and on the letter brief).
Joseph F. Walsh, Assistant Camden County Prosecutor, argued the cause for respondent (Samuel Asbell, Camden County Prosecutor, attorney, Elizabeth Laino, Assistant Prosecutor, of counsel and on the brief).
The opinion of the court was delivered by MICHELS, P.J.A.D.
Following plea negotiations, defendant Albert Harry Subin, a/k/a William Francis May, pleaded guilty to burglary of a 1980 Chevrolet van, a crime of the third degree, in violation of N.J.S.A. 2C:18-2 (Count 1) and attempted theft by an unlawful taking of said van, a crime of the third degree, in violation of N.J.S.A. 2C:20-3 and N.J.S.A. 2C:5-1 (Count 2). The State, for its part of the plea agreement, recommended a four-year custodial term for the burglary and a consecutive three-year custodial term for the attempted theft, a total of seven years of imprisonment, but without a minimum period of parole ineligibility. It was further agreed that defendant would be released on his own recognizance pending sentence. As a condition of the plea agreement, including the State's recommendation that defendant be released on his own recognizance pending sentencing, defendant agreed to appear for sentencing and not to incur any new arrest during the period between the plea and the sentence date. It was agreed that if defendant failed to appear for sentencing or was arrested for any offense in the interim, the sentence would be increased to an aggregate maximum of ten years with a three-year period of parole ineligibility. Finally, it was agreed that any sentence imposed would be served concurrently with any sentence to be imposed for a prior violation of parole.
*230 Defendant failed to appear on the scheduled sentencing date.[1] He was subsequently arrested, and in accordance with the plea agreement, the trial court committed him to the custody of the Commissioner of the Department of Corrections for two concurrent five-year terms with a two-year period of parole ineligibility. In addition, defendant was assessed penalties of $50, payable to the Violent Crimes Compensation Board. Defendant appealed.
Defendant seeks a reversal of his conviction and vacation of the sentence imposed for burglary (Count 1) and a remand to the trial court for resentencing to a term without a period of parole ineligibility for his conviction for attempted theft (Count 2). Alternatively, defendant urges this court to exercise its original jurisdiction and impose a sentence without a period of parole ineligibility. Defendant raises the following contentions in his letter brief:
POINT I THERE WAS NEITHER A FACTUAL NOR A LEGAL BASIS FOR THE COUNT OF THE INDICTMENT CHARGING DEFENDANT WITH THE BURGLARY OF THE CAR (Not Raised Below).
POINT II THE CONDITIONS OF THE ALTERNATIVE PLEA AGREEMENT WHICH GOVERNED DEFENDANT'S SENTENCE WERE ILLEGAL (Not Raised Below).
POINT III THE FAILURE OF THE SENTENCING JUDGE TO ALLOCATE THE PAROLE INELIGIBILITY TERM TO ONE (OR POSSIBLY BOTH) OF THE SENTENCES WAS ILLEGAL (Not Raised Below).
We have carefully considered these contentions and all of the arguments advanced by defendant in support of them and find that, with the sole exception of the failure of the trial court to allocate the parole ineligibility term to a specific count of the indictment, they are clearly without merit. R. 2:11-3(e)(2). *231 Further comment, however, is appropriate with respect to some of defendant's arguments.

I.
The primary thrust of defendant's contention that there was neither a factual nor a legal basis for his guilty plea to burglary (Count 1) is that he was incorrectly charged with the "non-existent" crime of burglarizing a van in violation of N.J.S.A. 2C:18-2. He argues that since he was also charged with attempted theft of the van in violation of N.J.S.A. 2C:20-3 and N.J.S.A. 2C:5-1 (Count 2), he cannot be charged with breaking and entering the van because it was the ultimate object of the alleged theft. In support of this argument, defendant relies on State v. Velez, 176 N.J. Super. 136 (App.Div. 1980), certif. den. 85 N.J. 504 (1981), which is factually distinguishable from this case. In Velez, the defendant was charged with entering without breaking into 12 different vehicles with intent to steal in violation of N.J.S.A. 2A:94-1. This statute provided that:
Any person who willfully or maliciously breaks and enters, or enters without breaking, any building, structure, room, ship, vessel, car, vehicle or airplane, with intent to kill, kidnap, rob, steal, commit rape, mayhem or battery, is guilty of a high misdemeanor.
While the case was pending, the new Code of Criminal Justice, N.J.S.A. 2C:1-1 et seq. was enacted. Defendant therefore moved to dismiss the indictment on the ground that "[t]he offense of breaking and entering into an automobile is no longer an offense under the Code." Velez, 176 N.J. Super. at 138. See N.J.S.A. 2C:1-1c(3) (requiring the dismissal of prosecution for Title 2A offenses which are no longer offenses under Title 2C). Originally, N.J.S.A. 2C:18-2a(1), the counterpart to former N.J.S.A. 2A:94-1, defined the crime of "burglary" as follows:
a. A person is guilty of burglary if, with purpose to commit an offense therein he:
(1) Enters a building or occupied structure, or a separately secured or occupied portion thereof, unless the premises are at the time open to the public or the actor is licensed or privileged to enter;
*232 In affirming the trial court's dismissal of the indictment, we observed that "occupied structure" as contained in N.J.S.A. 2C:18-2a(1) was limited by definition in N.J.S.A. 2C:18-1 to:
... any structure, vehicle, boat, airplane or place adapted for the overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present. [Velez, 176 N.J. Super. at 139; Emphasis added].
Insofar as the automobiles which the defendant had entered were not adapted for the overnight accommodation of persons, we held that the breaking and entering of an automobile was no longer an indictable offense. Significantly, however, we noted that:
While this appeal was pending the Governor approved Separate Bill 884, which became L. 1980, c. 12 [sic]; and which, among other things, amends N.J.S.A. 2C:18-1 to read:
In this Chapter, unless a different meaning is required, "structure" means any building, room, ship, vessel, car, vehicle or airplane, and also means any place adapted for overnight accommodation of persons, or for carrying on business therein, whether or not a person is actually present. [Ibid. n. 1;

N.J.S.A. 2C:18-1; Emphasis added].
Under the present version of N.J.S.A. 2C:18-1 (as amended by L. 1980, c. 112) it is clear that a motor vehicle, such as a van, need not be "adapted for overnight accommodation of persons" in order to fit within the definition of "structure" under N.J.S.A. 2C:18-2. Thus, burglary can be a crime separate and apart from the ultimate offense intended, such as the attempted theft by an unlawful taking. This conclusion is consistent with our common law. In State v. Byra, 128 N.J.L. 429 (Sup.Ct. 1942), aff'd 129 N.J.L. 384 (E. & A. 1943), cert. den. 324 U.S. 884, 65 S.Ct. 1025, 89 L.Ed. 1434 (1945), the former Supreme Court first addressed the issue of whether separate, consecutive sentences could be imposed where the defendant was indicted and convicted for (1) breaking and entering a warehouse by night with intent to commit grand larceny and (2) the subsequent larceny of valuable chemicals contained therein. In answering this question affirmatively, our former Supreme Court explained:
... it is clear that burglary is proved on satisfactory evidence (1) of breaking and entering by night and (2) of the concomitant intent to commit felony, *233 whether that intent be carried out or not. If the "felony" be in fact committed, it is a crime in itself, quite separate from the breaking and entering, and indictable as such. Hence the later practice of pleading burglary in one count, charging only the intent in connection with the breaking and entering, and larceny or other common law felony in a separate count. In such case there may be a conviction on either count or on both, the crimes being legally separate. [Byra, 128 N.J.L. at 430-431].
... a first count may set out the breaking and entering with intent to steal, and a second may allege the larceny as a separate thing, and thereon the defendant may be convicted and sentenced for both. [Id. at 432; citation omitted].
This reasoning was followed in State v. Quatro, 44 N.J. Super. 120 (App.Div. 1957), cert. den. 355 U.S. 850, 78 S.Ct. 73, 2 L.Ed.2d 60 (1957), where the defendant challenged the imposition of consecutive sentences for convictions based on three separate counts of breaking and entering, larceny of money and knowingly receiving the stolen money. Although consecutive sentences may not be imposed where a general verdict of guilty is returned on indictments containing repugnant counts such as larceny and receiving, the court recognized that:
[a] sentence for breaking and entering can be added, however, to one for either of the other named offenses, as the former, though perpetrated on the same occasion as the others, rests on a criminal act distinct from the larceny and receiving and, hence, is deemed to be a separate offense. Id. at 127.
In State v. Warren, 173 N.J. Super. 528 (L.Div., Resen. Panel 1980), the defendant argued that the three-year sentence for his conviction for entry with intent to steal in violation of N.J.S.A. 2A:94-1 was excessive because he only intended to steal less than $200.00, a disorderly persons offense. Defendant contended that since he intended to steal less than $200.00, his conviction of burglary would have been a crime of the fourth degree, entitling him to a lesser sentence of 18 months under the pertinent provision of the new Code of Criminal Justice, N.J.S.A. 2C:18-2b. In denying defendant's application for resentencing, the Resentencing Panel stated:
The controlling element for purpose of this review was that defendant intended to steal at the time of the breaking and entering. It was not necessary under N.J.S.A. 2A:94-1 that he should actually have taken anything. Even if something were taken, the value of goods was of no consequence. State v. Tonghanni, 96 N.J.L. 63 (Sup.Ct. 1921). The offense was complete if the burglar was apprehended in the process of entering, as often happens. This *234 has not changed under N.J.S.A. 2C:18-2, except for gradation of the offense. [Warren, 173 N.J. Super. at 530; Emphasis added].
More recently, in State v. Mangrella, 214 N.J. Super. 437 (App.Div. 1986), certif. den. 107 N.J. 127 (1987), defendant was charged with the burglary of a Fotomat shop in violation of N.J.S.A. 2C:18-2 and with unlawfully taking movable property from the Fotomat shop in violation of N.J.S.A. 2C:20-3. Defendant was found guilty of the burglary, but acquitted of the theft. We affirmed defendant's conviction for burglary, noting that "[b]urglary requires only an entry `with purpose to commit an offense,' irrespective of whether an offense is committed." Id. at 441. Again, in State v. Pyron, 202 N.J. Super. 502 (App.Div. 1985), we held that a third degree burglary conviction under N.J.S.A. 2C:18-2 did not merge into a second degree robbery conviction under N.J.S.A. 2C:15-1a(2). We there noted that when the Legislature amended N.J.S.A. 2C:18-2 (by L. 1980, c. 112) it refused to adopt the recommendation of the Criminal Law Revision Commission's II Final Report of the New Jersey Criminal Law Revision Commission Commentary 209-211, (1971), which would have narrowed the definition of burglary. Pyron, 202 N.J. Super. at 504. The proposed section, N.J.S.A. 2C:18-2c, read:
A person may not be convicted both for burglary and for the offense which it was his purpose to commit after the burglarious entry or for an attempt to commit that offense.
Moreover, that burglary and attempted theft by an unlawful taking are separate and distinct crimes can be demonstrated by analyzing the facts of this case in light of N.J.S.A. 2C:1-8. The standards governing prosecution of conduct which constitutes more than one offense are in part set forth in N.J.S.A. 2C:1-8a, which provides:
a. Prosecution for multiple offenses; limitation on convictions. When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:
(1) One offense is included in the other, as defined in subsection d. of this section;

*235 (2) One offense consists only of a conspiracy or other form of preparation to commit the other;
(3) Inconsistent findings of fact are required to establish the commission of the offenses; or
(4) The offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct.
A determination barring multiple convictions shall be made by the court after verdict or finding of guilt.
Subsection d as referred to in N.J.S.A. 2C:1-8a(1), in pertinent part, provides:
d. Conviction of included offense permitted. A defendant may be convicted of an offense included in an offense charged whether or not the included offense is an indictable offense. An offense is so included when:
(1) It is established by proof of the same or less than all the facts required to establish the commission of the offense charged;
The proofs required for a conviction of burglary under N.J.S.A. 2C:18-2 are consistent yet wholly independent of those required for a conviction of theft by unlawful taking under N.J.S.A. 2C:20-3. The arrest report indicated that "the accused had made entry to the van by prying open the vent window, breaking same." Additionally, defendant made the following admissions at his plea hearing:
Well, Your Honor, we had ran out of gas not too far from the van and I was looking for a gas station open to get some gas. When I couldn't find one, I came back to near where the car was parked and I spotted the van. And when I spotted the van, I entered the van and looked inside the van hoping that I could find a gas can. And there was a jacket in there. I picked up the jacket, put it on. I was cold at the time, and I was hoping to find the keys in the van.
THE COURT: Why did you hope to find the keys in the van?
THE DEFENDANT: Well, so I could take the van.
THE COURT: Well, isn't that the reason you entered the van, to take the van?
THE DEFENDANT: Well, there was some other stuff in there, Your Honor, that I had seen from the outside of the van.
THE COURT: Well, you tell me you want to plead guilty to the attempted theft of the van, that you, in the second count, you entered it in an attempt to take the van?
THE DEFENDANT: Yes, sir.
THE COURT: You said you were looking for the keys?
THE DEFENDANT: Yeah.

*236 THE COURT: And if you had found the keys, you'd have taken the van, wouldn't you?
THE DEFENDANT: Yes, sir.
Here, the factual predicate necessary to prove burglary was met independent of any subsequent attempt defendant made to exercise unlawful control of the van in violation of N.J.S.A. 2C:20-3. Defendant broke into and entered the van with an intent to unlawfully deprive the owner of the gas can as well as other items he had seen in the van. With respect to the indictment for attempted theft of the van, N.J.S.A. 2C:20-3, in pertinent part, provides as follows:
a. Movable property. A person is guilty of theft if he unlawfully takes, or exercises unlawful control over, movable property of another with purpose to deprive him thereof.
Under N.J.S.A. 2C:5-1a(3) one may be convicted for attempted theft if he:
[p]urposely does or omits to do anything which, under the circumstances as a reasonable person would believe them to be, is an act or omission constituting a substantial step in a course of conduct planned to culminate in his commission of the crime.
In the plea hearing, defendant admitted that he did not simply exit the van after looking for a gas can. Rather, he put on the owner's jacket and began searching for the keys. Moreover, he admitted that he wanted the keys in order to take the van. Thus, apart from the actual breaking and entering of the van, defendant took substantial steps to exercise unlawful control over the van in violation of N.J.S.A. 2C:20-3.
In light of the aforementioned authority and the Legislature's refusal to view burglary as merely an attempt to commit the ultimate offense intended, we hold that burglary and attempted theft by an unlawful taking are separate and distinct offenses even though the "structure" broken into is also the "movable property" attempted to be stolen. Therefore, the trial court properly determined that there was a factual basis for the plea, that the plea was made voluntarily and that defendant understood the nature of the charges and the consequences of the plea in compliance with R. 3:9-2. Finally, we *237 point out that unlike the situation in State v. Nichols, 71 N.J. 358 (1976), there were no material misrepresentations made to defendant as to the potential penal consequences of the charges lodged against him. Defendant was accurately advised that he could receive a maximum of 10 years for committing two independently indictable third degree crimes.
Accordingly, defendant's guilty plea was valid and enforceable.

II.
Defendant challenges as illegal and unfair the plea agreement because it permitted the trial court to increase his sentence in the event that he failed to appear for sentencing. He argues that because he did not appear for sentencing, he received a sentence longer than he would have received had he appeared as originally scheduled. We disagree and hold that the plea agreement was valid and enforceable and that the sentence imposed in accordance therewith was legal.
The validity of a plea agreement is guided by considerations of fundamental fairness and public policy. The disposition of criminal charges by a plea agreement between the State and defendant is ordinarily favored. Properly conducted bargaining can be an essential component of the administration of criminal justice and certainly is to be encouraged. Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971). The overall consideration when evaluating a particular plea agreement is fairness. When the plea bargain is negotiated and executed fairly, there is a mutuality of advantage to the State and the defendant. Brady v. United States, 397 U.S. 742, 752, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747, 758 (1970); State v. Taylor, 80 N.J. 353, 361 (1979). Thus, in State v. Taylor, supra, our Supreme Court endorsed the concept of plea bargaining, explaining:
Plea bargaining has become firmly institutionalized in this State as a legitimate, respectable and pragmatic tool in the efficient and fair administration of criminal justice. State v. Marzolf, 79 N.J. 167, 182 (1979); State v. Brown, 71 N.J. 578, 582 (1976); State v. Thomas, 61 N.J. 314, 321-323 (1972); State v. *238 Taylor, 49 N.J. 440, 455 (1967); State v. Brockington, 140 N.J. Super. 422, 427 (App.Div.), certif. den. 71 N.J. 345, cert. den. 429 U.S. 940, 97 S.Ct. 357, 50 L.Ed.2d 310 (1976). Courts across the country have adopted plea bargaining as an appropriate accommodation of the conflicting interests of society and persons accused of crime and as a needed response to an ever-burgeoning case load. Santobello v. New York, 404 U.S. 257, 260, 92 S.Ct. 495, 498, 30 L.Ed.2d 427, 432 (1971); J. Bond, Plea Bargaining and Guilty Pleas, 2-3 (1978). "[W]hatever might be the situation in an ideal world, the fact is that the guilty plea and the often concomitant plea bargain are important components of this country's criminal justice system. Properly administered they can benefit all concerned." Bordenkircher v. Hayes, 434 U.S. 357, 361-362, 98 S.Ct. 663, 667, 54 L.Ed.2d 604, 609 (1978); Blackledge v. Allison, 431 U.S. 63, 71, 97 S.Ct. 1621, 1627, 52 L.Ed.2d 136, 145 (1977); see Santobello v. New York, supra.

The cornerstone of the plea bargain system is the "mutuality of advantage" it affords to both defendant and the State. Bordenkircher v. Hayes, supra, 434 U.S. at 363, 98 S.Ct. at 668, 54 L.Ed.2d at 611; Brady v. United States, 397 U.S. 742, 752, 90 S.Ct. 1463, 1471, 25 L.Ed.2d 747, 758 (1970); State v. Corbitt, 74 N.J. 379, 394 (1977), aff'd 439 U.S. 212, 99 S.Ct. 492, 58 L.Ed.2d 466 (1978). The system enables a defendant to reduce his penal exposure and avoid the stress of trial while assuring the State that the wrongdoer will be punished and that scarce and vital judicial and prosecutorial resources will be conserved through a speedy resolution of the controversy. See Brady v. United States, supra; cf. State v. Marzolf, supra, 79 N.J. at 182-183. [Taylor, 80 N.J. at 360-361].
A defendant who pleads guilty in reliance on a promise or agreement of the State has the right to expect that the bargain will be fulfilled. Santobello, 404 U.S. at 262. Terms of a plea agreement must be meticulously adhered to and defendant's reasonable expectations generated by plea negotiations should be accorded deference. State v. Brockington, 140 N.J. Super. 422, 427 (App.Div. 1976), certif. den. 71 N.J. 345 (1976), cert. den. 429 U.S. 940, 97 S.Ct. 357, 50 L.Ed.2d 310 (1976). However, neither defendant nor the State can bind the court to the precise terms and conditions of a plea agreement. State v. Kovack, 91 N.J. 476, 484 (1982). There is no absolute right to have a plea accepted, Brockington, supra, 140 N.J. Super. at 427, and the court has broad discretion in determining whether to accept or reject the terms and conditions of a plea agreement. Kovack, supra, 91 N.J. at 485.
In our view, a component of a plea agreement that provides for an increased sentence when a defendant fails to appear that is voluntarily and knowingly entered into between a defendant *239 and the State does not offend public policy. There is no reason in law or logic why such a component cannot properly be included in a plea agreement, so long as the sentencing court does not impose the sentence automatically by virtue of the defendant's non-appearance in court. The trial court must always sentence in accordance with the applicable sentencing provisions of the Code. Thus, in State v. Wilson, 206 N.J. Super. 182 (App.Div. 1985), under a somewhat similar alternative plea agreement, we set aside an extended sentence imposed solely because of the defendant's non-appearance and without reference to the sentencing criteria of the Code, explaining:
We recognize that defendant, by the age of 36, had a long juvenile and adult criminal record beginning in 1962. Surely, the State had a right to move for an extended sentence if defendant so understood as a part of his agreement. State v. Kovack, 91 N.J. 476 (1982). What is improper is a sentence based upon a factor which is unrelated to the sentencing criteria set forth in the Code of Criminal Justice. N.J.S.A. 2C:1-1 et seq. Nowhere in the code is it suggested that defendant's appearance for sentence is one of those criteria. State v. Roth, 95 N.J. 334 (1984); State v. Hodge, 95 N.J. 369 (1984).
We do not say that the reasons for defendant's failure to appear for sentence may not be considered. They must, however, be relevant to identified sentencing guidelines. Since defendant's sentence was based upon an impermissible factor we do not find it necessary to decide whether the court correctly determined that defendant was a persistent offender on the record available or whether the agreement fairly apprised the defendant of the consequences of non-appearance if he were sick. [Wilson, 206 N.J. Super. at 184].
In Wilson, we did not hold or declare that an alternative sentence component is per se illegal and unenforceable. In fact, we did not even identify any inherent illegality in the structure of such alternative conditional pleas, and to the extent that the Wilson opinion can be interpreted as reaching such a conclusion, we would disagree with it.
Moreover, it is perfectly clear from the sentencing transcript that the trial court did not sentence defendant solely because of his non-appearance on the original sentencing date. The record shows that the trial court, after noting that the alternative sentences agreed upon provided for an aggregate term of 10 years with a three-year period of parole ineligibility, specifically rejected the automatic imposition of such sentences. Rather, the trial court carefully complied with the applicable sentencing *240 provisions of the Code and balanced the relevant mitigating and aggravating factors before imposing sentence. The trial court found that there was a substantial risk that defendant would commit another offense, N.J.S.A. 2C:44-1a(3), and that defendant's prior record, as well as his current criminal involvement, necessitated a sentence which would deter defendant and others from violating the law. N.J.S.A. 2C:44-1a(9). These findings are amply supported by the record and there is no valid basis or sound reason to disturb them.
We simply point out that to the extent that the trial court may have considered defendant's non-appearance in imposing sentence, we find no error under the circumstances. Defendant's failure to appear at sentencing was relevant to at least two of the aggravating factors discussed by the trial court and enumerated in N.J.S.A. 2C:44-1a, specifically "[t]he risk that defendant will commit another offense.", N.J.S.A. 2C:44-1a(3), and "the need for deterring defendant and others from violating the law." N.J.S.A. 2C:44-1a(9). A defendant who has been convicted of a crime has an obligation to appear before the sentencing court. A defendant's disregard of that obligation by failing to appear in the absence of a valid excuse demonstrates the defendant's disrespect for the law and gives rise to a reasonable inference that he is likely to commit another offense. Insofar as a defendant's failure to appear at sentencing may constitute the crime of bail jumping, the goal of deterring further criminal conduct has added significance. Thus, a sentencing court can properly consider a defendant's failure to appear together with other relevant mitigating and aggravating factors in determining the appropriate sentence.
Finally, we are satisfied that the sentence was neither manifestly excessive nor unduly punitive. In our view it did not constitute a miscarriage of justice.

III.
We agree, however, with defendant that the trial court improperly imposed a minimum parole ineligibility term on the *241 aggregate sentence rather than on a specific sentence for a specific count of the indictment. See N.J.S.A. 2C:43-6b and N.J.S.A. 2C:43-7b. In State v. Cianci, 18 N.J. 191, 194 (1955), cert. den. 350 U.S. 1000, 76 S.Ct. 555, 100 L.Ed. 864 (1956) and 353 U.S. 940, 77 S.Ct. 819, 1 L.Ed.2d 763 (1957), our Supreme Court held that the defendant must be sentenced separately on each count of the indictment. The failure to do so in this case with respect to the imposition of the parole ineligibility term constituted error which must be corrected by the trial court on remand. See State v. Jones, 213 N.J. Super. 562, 571 (App.Div. 1986); State v. Alevras, 213 N.J. Super. 331, 342 (App.Div. 1986); R. 1:13-1, cf. State v. Green, 129 N.J. Super. 157, 167 (App.Div. 1974).

IV.
Except to vacate the parole ineligibility term imposed upon the aggregate sentence and to remand the matter to the trial court so that the error may be corrected, the judgment of conviction and order of commitment under review is affirmed. On remand, the trial court should enter an amendatory judgment consistent with our opinion. We do not retain jurisdiction.
NOTES
[1] As a result of having failed to appear at sentencing, defendant was charged with bail jumping in violation of N.J.S.A. 2C:29-7. He was tried, convicted and sentenced to an extended term of ten years to be served concurrently with the sentence imposed for his conviction for the burglary and attempted theft, which are the subject of this appeal. In a separate opinion filed today we reversed defendant's conviction for bail jumping and remanded the matter for a new trial. State v. Subin, A-2040-86T4.