**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5736-14T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ALFREDO LOPEZ,

    Defendant-Appellant.

_____

Submitted April 25, 2017 — Decided  May 15, 2017

Before Judges Fasciale and Gilson.

On appeal from the Superior Court of New
Jersey, Law Division, Bergen County,
Indictment No. 12-06-0927.

Joseph E. Krakora, Public Defender, attorney
for appellant (Stephen W. Kirsch, Assistant
Deputy Public Defender, of counsel and on the
brief).

Gurbir S. Grewal, Bergen County Prosecutor,
attorney for respondent (Catherine A. Foddai,
Senior Assistant Prosecutor, of counsel and on
the brief).

PER CURIAM

Following the denial of his motion to suppress physical

evidence, defendant Alfredo Lopez pled guilty to second-degree

eluding, N.J.S.A. 2C:29-2(b); second-degree possession of heroin

with the intent to distribute, N.J.S.A. 2C:35-5(a)(1) and -5(b)(2); third-degree possession of heroin, N.J.S.A. 2C:35-10(a)(1); and third-degree hindering, N.J.S.A. 2C:29-3(b)(1). On the second-degree convictions, defendant was sentenced to seven years in prison with forty-two months of parole ineligibility. On the third-degree convictions, he was sentenced to four and five years in prison. The sentences were run concurrent. Defendant now appeals the denial of his motion to suppress and his sentences. We affirm the convictions, but remand for resentencing.

I.

The relevant facts were established at a hearing on the motion to suppress. On February 27, 2012, defendant was driving in Paramus just before midnight. Two officers, who were parked in an unmarked vehicle, observed defendant's car driving at approximately forty miles an hour in a fifty-mile-an-hour zone. As defendant's car drove by the officers' vehicle, defendant slammed on the brakes and moved from the left to the center lane without the use of a turn signal. One of the officers then observed that one of the brake lights on defendant's car was not operating. The officers began to follow defendant and thereafter effectuated a motor vehicle stop.

Officer Hayo and his partner Officer Cullen approached the vehicle. When the officers spoke to defendant, they observed that

he was nervous, the car contained multiple air fresheners and they could see a large amount of cash in the center console. Based on those observations, which they believed gave rise to reasonable suspicion of drug activity, the officers requested consent to search the car. Defendant initially agreed, but then asked if his brother-in-law, who owned the car, could be present. The officers denied that request citing officer safety. Defendant then fled by driving away and the officers pursued him. While in pursuit, the officers observed defendant slow down and throw a black object out of the passenger window. Defendant then drove on and eventually came to a stop.

Defendant was arrested and he was found to be in possession of $2490 in cash. Other officers went back and found a black plastic bag near the area where defendant had thrown the object. The bag contained 2250 packs of suspected heroin and air fresheners.

Defendant was indicted for eluding, hindering, possession of heroin with the intent to distribute, and possession of heroin. He made a motion to suppress. The only witness at the hearing was one of the two arresting officers, Officer Hayo. After hearing the testimony, the trial judge denied defendant's motion. The judge found that the stop was lawful because of the inoperable brake light and because defendant changed lanes without signaling.

The motion judge also found that the request for consent was valid. The judge went on to find that the patrolman's testimony was credible when he testified that he observed defendant throw an object from the car and that defendant had abandoned that property.

## II.

On appeal, defendant makes two arguments. First, he argues that the motion to suppress should have been granted because the police did not have reasonable articulable suspicion to request consent to search, and the doctrine of "attenuation" does not apply. Second, defendant challenges his sentences as inconsistent with the plea and argues that certain counts should have merged. He articulates those arguments as follows:

> POINT I — DEFENDANT'S MOTION TO SUPPRESS THE ITEMS SEIZED SHOULD HAVE BEEN GRANTED; THERE WAS NOT REASONABLE ARTICULABLE SUSPICION FOR THE REQUEST FOR CONSENT TO SEARCH THE VEHICLE, AND, WHEN DEFENDANT FLED AND DISCARDED DRUGS ONLY SECONDS AFTER THE IMPROPER CONSENT TO SEARCH, WITHOUT ASSAULTING OR INJURING -- OR EVEN USING FORCE UPON -- OFFICERS, THE DOCTRINE OF "ATTENUATION" DOES NOT "SAVE" THE UNCONSTITUTIONAL CONDUCT OF THE POLICE FROM THE REMEDY OF SUPPRESSION
>
> POINT II — THE SENTENCE IMPOSED ON ONE COUNT APPEARS TO BE BEYOND THE UPPER LIMIT OF THE TERMS OF THE PLEA BARGAIN; LIKEWISE, THE PLEA DEAL MANDATES MERGER OF OFFENSES THAT WAS NOT ORDERED; MOREOVER, THE AGGREGATE SENTENCE AND THE INDIVIDUAL TERMS ARE ALSO UNSUPPORTED BY ANY ANALYSIS OF THE AGGRAVATING AND MITIGATING FACTORS, AND ARE, THUS, MANIFESTLY EXCESSIVE, THEREBY REQUIRING A REMAND FOR RESENTENCING

A-5736-14T4

We are "bound to uphold a trial court's factual findings in a motion to suppress provided those 'findings are supported by sufficient credible evidence in the record.'" State v. Watts, 223 N.J. 503, 516 (2015) (quoting State v. Elders, 192 N.J. 224, 243-44 (2007)). "Deference to those findings is particularly appropriate when the trial court has the 'opportunity to hear and see the witnesses and to have the feel of the case, which a reviewing court cannot enjoy.'" Ibid. (quoting Elders, supra, 192 N.J. at 244). Review of a trial court's legal conclusions, however, is conducted de novo. Reese v. Weis, 430 N.J. Super. 552, 568 (App. Div. 2013) (citing Dep't of Envtl. Prot. v. Kafil, 395 N.J. Super. 597, 601 (App. Div. 2007)).

To request consent to search during a motor vehicle stop, police must have a reasonable articulable suspicion that the search will produce evidence of illegal wrongdoing. State v. Carty, 170 N.J. 632, 647 (2002). "[T]he appearance of nervousness is not sufficient grounds for the reasonable and articulable suspicion necessary to extend the scope of a detention beyond the reason for the original stop." Id. at 648. Nevertheless, "nervousness and conflicting statements, along with indicia of wrongdoing, can be cumulative factors in a totality of the circumstances analysis that leads to a finding of reasonable and articulable suspicion

of ongoing criminality." Elders, supra, 192 N.J. at 250 (citing State v. Stovall, 170 N.J. 346, 367 (1990)).

In denying defendant's motion to suppress, the trial judge found the testimony of Officer Hayo to be credible. The court found that the stop of defendant's vehicle was lawful because defendant had an inoperable brake light and changed lanes without the use of his turn signal. When the officers approached defendant's vehicle, defendant's hands were shaking and he appeared "overly nervous." There were "multiple air fresheners in the motor vehicle" and "hundred dollar bills in the center console." The totality of circumstances, including the excessive number of air fresheners, the hundred dollar bills in the center console, in conjunction with the appearance of nervousness, constituted reasonable suspicion to request consent to search the vehicle. The trial court's decision that this request was lawful was supported by sufficient credible evidence in the record.

Alternatively, assuming the request to search was not lawful, defendant's flight sufficiently attenuated the seizure of the evidence from the alleged improper police conduct. New Jersey courts apply a three-factor test to determine attenuation: "(1) the temporal proximity between the illegal conduct and the challenged evidence; (2) the presence of intervening circumstances; and (3) the flagrancy and purpose of the police

misconduct." State v. Johnson, 118 N.J. 639, 653 (1990) (citations omitted) (followed by State v. Shaw, 213 N.J. 398, 416-21 (2012)). "[T]he determination whether the evidence is the 'fruit' of the illegal conduct is a factual matter for the court." Ibid.

In considering the first factor, temporal proximity, the time between the alleged improper request for consent to search and defendant throwing the bag from his car window was brief. Temporal proximity, however, "'is the least determinative' of the three factors." Shaw, supra, 213 N.J. at 416 (quoting State v. Worlock, 117 N.J. 596, 623 (1990)). Its effect on attenuation is often ambiguous. Ibid. Here, the brief passage of time does not suggest that the official conduct somehow coerced the abandonment.

Most significantly, there are undisputed intervening circumstances in this case that support the finding of attenuation. Defendant fled while the officers were conducting a lawful motor vehicle stop, giving the officers the right to pursue defendant. Suspects must obey a police officer's commands during an investigatory stop and they have no right to resist arrest, elude, obstruct the police, or escape in response to a stop or detention. State v. Herrerra, 211 N.J. 308, 334-35 (2012); State v. Crawley, 187 N.J. 440, 468, cert. denied, 549 U.S. 1078, 127 S. Ct. 740, 166 L. Ed. 2d 563 (2006). When defendant fled the scene after being told his brother-in-law could not be present for the search

of the vehicle, defendant committed an eluding that justified the officers' pursuit.

Finally, there is nothing to suggest that the police were acting improperly. There was nothing flagrant about the police's conduct. At worst, the officers asked for consent to search without a proper basis. As we have found, however, the officers did have a proper basis to request consent. Thus, applying the three-factor standard, there was credible evidence supporting the alternative grounds of attenuation.

After fleeing, defendant threw the bag containing the heroin from his car. It logically follows that defendant had no right to challenge the admission of the heroin into evidence because he abandoned the bag when he threw it from the car. See Johnson, supra, 193 N.J. at 548. Further, this abandonment was sufficiently attenuated from the alleged police misconduct. See Id. at 548-49 (explaining that property "is not considered abandoned when a person throws away incriminating articles due to the unlawful actions of police officers" (quoting State v. Tucker, 136 N.J. 158, 172 (1994))).

In summary, even assuming the officers did not have the requisite reasonable suspicion to request consent to search the vehicle, defendant's abandonment of the property, and the attenuation of this abandonment from the alleged unlawful police

conduct, leaves defendant with no right to challenge its seizure. See Ibid. (explaining that abandonment is a "narrow exception to our automatic standing rule").

Therefore, we affirm the trial court's denial of defendant's motion to suppress.

### III.

Next, we consider defendant's sentences. When defendant pled guilty, the judge informed defendant of the maximum sentences that would be imposed. Defendant was told that he would be sentenced to seven years in prison with forty-two months of parole ineligibility on the conviction for second-degree possession of heroin with the intent to distribute. Defendant would also be sentenced to a concurrent seven-year prison term on the conviction for second-degree eluding. The conviction for hindering would merge with the eluding conviction and the conviction for possession of heroin would merge with the conviction for possession of heroin with the intent to distribute. Those representations were embodied in a supplemental plea form signed by the prosecutor and defendant and made part of the plea agreement.

At sentencing, a different judge stated that he would sentence defendant in accordance with the plea agreement. The judgment of conviction, however, imposed different sentences. In the judgment of conviction, defendant was sentenced to seven years in prison

with forty-two months of parole ineligibility on both the eluding and the possession with intent to distribute convictions. He was also sentenced to five years in prison on the hindering conviction and four years in prison on the possession of heroin conviction. All of those sentences were run concurrent.

The State concedes that the matter should be remanded for resentencing. We agree because a defendant who pleads guilty and relies on a promise has a right to expect that the bargain will be fulfilled or he be given the opportunity to withdraw his guilty plea. State v. Subin, 222 N.J. Super. 227, 238 (App. Div.), certif. denied, 111 N.J. 580 (1988). Here, the sentencing judge stated that he intended to sentence defendant in accordance with the plea agreement. Accordingly, this matter will be remanded for resentencing in accordance with the plea agreement.

Given that the matter will be remanded for resentencing, we need not address defendant's arguments concerning the analysis of the aggravating and mitigating factors. At the resentencing, the court will have the opportunity to make findings and explain the basis for the aggravating and mitigating factors. See State v. Fuentes, 217 N.J. 57, 73 (2014) (explaining that "[a]t the time of sentencing, the court must 'state reasons for imposing such sentence including . . . the factual basis supporting [its] finding

10

of particular aggravating or mitigating factors affecting sentence" (second alteration in original) (quoting <u>R.</u> 3:21-4(g))).

Defendant's convictions are affirmed and the matter is remanded for resentencing in accordance with the plea agreement. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION