**RECORD IMPOUNDED**

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1883-21

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOAQUIN A. LINARES-
HERNANDEZ, a/k/a
JOAQUIN LINARES, and
JOAQUIN HERNANDEZ,

     Defendant-Appellant.

_____

Submitted November 29, 2023 – Decided February 12, 2024

Before Judges Firko and Susswein.

On appeal from the Superior Court of New Jersey, Law Division, Middlesex County, Indictment No. 16-06-0972.

Joseph E. Krakora, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the brief).

Yolanda Ciccone, Middlesex County Prosecutor, attorney for respondent (Erin M. Campbell, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Joaquin A. Linares-Hernandez pled guilty in 2016 to aggravated sexual assault. Defendant was sentenced in 2017 in accordance with his plea agreement to a ten-year prison term subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. He appeals from a January 20, 2022 order entered by Judge Pedro J. Jimenez, Jr., denying his petition for post-conviction relief (PCR) without an evidentiary hearing. After carefully reviewing the record in light of the governing legal principles, we affirm.

I.

We briefly summarize the pertinent facts and procedural history leading to this appeal. In December 2015, defendant attended a party during which he encountered an eight-year-old girl. Defendant sexually assaulted her by pulling down her pants and underwear and touching her vagina.

In June 2016, defendant was charged by indictment with first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(1); second-degree sexual assault, N.J.S.A. 2C:14-2(b); third-degree endangering welfare of child, N.J.S.A. 2C:24-4(a)(1); second-degree hindering own apprehension, N.J.S.A 2C:29-3(b)(3); and third-degree terroristic threats, N.J.S.A. 2C:12-3(a).

At a status conference conducted in July 2016, defendant proposed a counteroffer to the plea agreement that had been offered by the prosecutor. Defendant proposed to plead guilty to a second-degree aggravated sexual assault with a recommendation for a nine-year prison term and the ability to argue for a five-year term. The State's offer had capped the sentence at ten years rather than nine. Although the State was prepared to accept defendant's counterproposal, defendant was not ready to plead guilty and the offer expired.

At a status conference in September 2016, the prosecutor's plea offer reverted to a ten-year maximum prison term but retained the possibility for defendant to argue for a lesser sentence within the second-degree range. During a subsequent status conference in October 2016, defense counsel told Judge Jimenez he would present evidence at the sentencing hearing that would mitigate the crime. Judge Jimenez responded:

> Okay, but I would be surprised, very surprised—and you're good enough to do that [defense counsel]—to get me down to a five. . . but I would probably feel—depending on what the facts are like—I'm not sure that I'm going to get there. At a best case scenario, because I've never seen . . . anything otherwise, but I'm looking for you to impress me as you always do, [defense counsel], maybe an eight, maybe an eight, and that's a stretch. But I'm thinking that the value of this case is anywhere between eight years and [ten] years based on

the offer that you got. Certainly, if we go to trial, you're looking at [twenty-five] to life.

Later during that hearing, Judge Jimenez clarified:

> Ten years is the offer. That's what the State is recommending. Maybe, based on what [defense counsel] presents at the time of sentencing, maybe I could go down to nine, pressing me very hard, maybe an eight. Okay? But if you're thinking that the State is going to resolve this case by way of a five or that five years is an offer you're going to get for sentence, wipe that out of your mind. This is not that kind of case. Okay? The best you'd be able to do is anywhere between eight to [ten] years. And even then, I would be kind of hard pressed to get to that number because I don't know that there's [anything] in this record for me to be able to do that. But I'm telling you from me, based on my experience with these cases, representation of counsel so far, what I've read in the file, what I expect to read in the file, based on what the State offers, what the victim supplies, and most importantly what [defense counsel] is going to give me, I have to assess this case . . . as being no less than eight, no more than [ten]. Okay? Now, that's why I'm telling you when I bring this case back on . . . Monday . . . I need to know whether you're going to take this plea offer or not. It's going to be not to a first-degree but to a second-degree aggravated sexual assault . . . .

The prosecutor originally told Judge Jimenez the offer was only open for that day, but the judge convinced the prosecutor to hold the offer open until the next conference on the following Monday.

4

At the plea conference, which was convened on November 7, 2016, Judge Jimenez stated:

> You're pleading guilty to [c]ount 1 of this indictment. It charges you with aggravated sexual assault in the second degree. In exchange—the maximum for which you could receive is ten years. In exchange, the State is dismissing the balance of this indictment, recommending that you serve ten years, [eighty-five] percent of which you would have to serve without parole as per [NERA]. And your attorney's going to argue for less time than that. The minimum you could receive is five years. I guess it will be up for me to decide based on my review of the aggravating and mitigating factors.

Defendant thereupon accepted the State's offer and entered a guilty plea to the amended charge of second-degree aggravated sexual assault. Defendant provided a factual basis for the plea, admitting he improperly touched an eight-year-old girl for sexual gratification at a party on December 13, 2015.

The sentencing hearing was held on March 31, 2017. Defense counsel argued defendant accepted responsibility for the crime and provided letters from friends and family. Defense counsel also proposed mitigating factors for the judge to consider. Defendant spoke on his own behalf and expressed remorse. Six character witnesses spoke in support of defendant.

After considering the applicable aggravating and mitigating factors, Judge Jimenez sentenced defendant in accordance with the plea agreement to a ten-

year NERA term. Defendant did not file a direct appeal. In November 2018, he filed the present petition for PCR.

In February 2021, Judge Jimenez convened a non-evidentiary PCR hearing. Defendant argued the judge misrepresented what the sentence was going to be, violating his constitutional rights. Judge Jimenez asked defense counsel, "[a]t any time did I tell the defendant that I was going to give him an [eight]-year sentence?" Defense counsel acknowledged, "Your [H]onor did not say that directly." The judge stated, "[t]he record doesn't reflect, at all, that I ever said I was going to give him an [eight]-year sentence, and only an [eight]-year sentence. Right?" Defense counsel replied, "[i]n no specific words."

On January 20, 2022, Judge Jimenez issued a written opinion denying PCR. He found that any confusion regarding the plea agreement had been cleared up before defendant accepted the State's final plea offer. The judge also rejected defendant's argument that he detrimentally relied on the judge's comments. Judge Jimenez noted the language used was "certainly not language indicative of a guarantee or a promise as petitioner alleges."

With respect to defendant's ineffective assistance of counsel contention, Judge Jimenez concluded "the counsel [d]efendant received from his attorneys in no way reaches the level required to claim ineffective assistance of counsel."

A-1883-21

The judge further noted the plea agreement defendant accepted was "incredibly favorable" considering the sentence he would have received if convicted of the first-degree aggravated sexual assault of a minor charge. Judge Jimenez also found defendant failed to show he suffered any prejudice as a result of his attorney's performance.

Defendant raises the following contentions for our consideration:

POINT I

MR. LINARES-HERNANDEZ IS ENTITLED TO RELIEF OR AN EVIDENTIARY HEARING ON HIS CLAIM THAT HE IS ENTITLED TO AN ENFORCEMENT OF HIS PLEA BARGAIN.

A. By pleading guilty, Mr. Linares-Hernandez detrimentally relied on the sentencing court's statements, and defense counsel's belief, that the court could be convinced, through mitigating evidence, to impose an eight-year term of imprisonment.

B. The [S]tate and defense agreed to a nine-year maximum sentence, where the range was between five and nine years, in exchange for Mr. Linares-Hernandez's guilty plea, and that plea agreement must be enforced.

POINT II

IN THE ALTERNATIVE, MR. LINARES-HERNANDEZ IS ENTITLED TO AN EVIDENTIARY HEARING ON HIS CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY

7

FAILING TO ADVOCATE ADEQUATELY ABOUT
HIS SENTENCE.

## II.

We first address defendant's contentions regarding the plea agreement and his reasonable expectations as to the sentence that would be imposed. "The validity of a plea agreement is guided by considerations of fundamental fairness and public policy." State v. Subin, 222 N.J. Super. 227, 237 (App. Div. 1988). "The overall consideration when evaluating a particular plea agreement is fairness." Ibid. "A defendant who pleads guilty in reliance on a promise or agreement of the State has the right to expect that the bargain will be fulfilled." Id. at 238.

Defendant argues, "[b]y pleading guilty, [he] detrimentally relied on the sentencing court's statements, and defense counsel's belief, that the court could be convinced, through mitigating evidence, to impose an eight-year term of imprisonment." In support of that contention, defendant relies on our opinion in State v. Hooper, 459 N.J. Super. 157 (App. Div. 2019). Defendant's reliance on that opinion is misplaced.

In Hooper, the judge allegedly made remarks during off-the-record negotiations between the defendant's attorneys and the prosecutor, commenting the case did not appear to be one that justified consecutive sentences. Id. at 182-

83. The defendant's lawyer claimed to rely on those statements by the judge "to counsel defendant to reject a recommended thirty-year sentence and instead enter an open plea to the indictment. . . . " Id. at 184. The defendant claimed his counsel predicted his sentence would be between ten and twenty years. Id. at 171. By entering an "open plea," defendant exposed himself to an extended term of life in prison. Id. at 176.

On those facts, we reasoned, "although defendant cannot compel the court to take any action based on its remarks about the sentence outside the confines of Rule 3:9-3(c), the judge should, nevertheless, consider whether counsel's reliance on those remarks, whether reasonable or not, caused them to seriously misadvise their client." Id. at 183. We thus held fundamental fairness allows the judge to consider whether a withdrawal of the guilty plea is permitted under Rule 3:21-1. Id. at 183-84.

The matter before us is starkly different from the facts in Hooper. Here, Judge Jimenez' remarks—which we have reproduced verbatim—were made during a status conference on the record and in defendant's presence. We are not dealing with a situation where a judge's off-the-record comments were presented to defendant via his attorney. The record makes clear, moreover, that Judge Jimenez at no time promised or guaranteed he would reduce the negotiated

prison term from ten to eight years. To the contrary, Judge Jimenez's remarks before the guilty plea was entered made clear that while a reduced sentence was possible, it was unlikely.

We also reject defendant's contention he is entitled to specific performance of the counteroffer that would have capped the prison term at nine years. The record shows that while the prosecutor accepted the counteroffer, defendant was not prepared to plead guilty at that hearing and wanted time to speak with his family. The nine-year maximum plea offer thus expired before defendant agreed to plead guilty.

At the hearing during which defendant did plead guilty, Judge Jimenez made clear the State's offer was that it would recommend a ten-year sentence, while leaving open the possibility for defense counsel to convince the court to impose a lesser sentence. As Judge Jimenez stressed in his PCR decision, "any confusion surrounding the plea agreement was ultimately cleared up prior to [d]efendant accepting the plea."

On this record, we agree with Judge Jimenez that defendant knowingly and voluntarily pled guilty pursuant to a plea agreement that capped his prison term at ten years, not nine years. We add that notions of fundamental fairness

10

do not require defendant be permitted to withdraw his guilty plea, nor entitle him to specific performance of the nine-year plea agreement that had expired before he pled guilty. See Subin, 222 N.J. Super. at 237 ("The overall consideration when evaluating a particular plea agreement is fairness."). As Judge Jimenez aptly noted in his PCR decision, "the plea being offered to [d]efendant, even its final form, was incredibly favorable given the maximum sentence [d]efendant faced."

## III.

We next turn to defendant's contention he was denied effective assistance of counsel. In addressing an ineffective assistance claim, New Jersey courts follow the two-part test articulated by the United States Supreme Court in Strickland v. Washington. 466 U.S. 668, 687 (1984). See State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show that counsel's performance was deficient." State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Strickland, 466 U.S. at 687). "Second, the defendant must have been prejudiced by counsel's deficient performance." Ibid. (quoting Strickland, 466 U.S. at 687).

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466

A-1883-21

U.S. at 687. Reviewing courts indulge in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance. . . ." Id. at 689.

The second Strickland prong is especially demanding. It requires the defendant show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. at 687. Put differently, counsel's errors must create a "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Id. at 694.

This "is an exacting standard." Gideon, 244 N.J. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). "Prejudice is not to be presumed," but must be affirmatively proven by the defendant. Ibid. (citing Fritz, 105 N.J. at 52, and Strickland, 466 U.S. at 693.). Furthermore, to set aside a guilty plea based on ineffective assistance of counsel, a defendant must show "'that there is a reasonable probability that, but for counsel's errors, [the defendant] would not have pled guilty and would have insisted on going to trial.'" State v. DiFrisco, 137 N.J. 434, 457 (1994) (alteration in original) (quoting Hill v. Lockhart, 474 U.S. 52, 59 (1985)).

A-1883-21

In the present matter, defendant argues "counsel failed to argue against the court's improper findings of aggravating factors [two][1] and [nine].[2]" More specifically, defendant argues plea counsel should have argued the sentencing court's finding of aggravating factor two was impermissible double counting and that the court did not set forth an adequate basis for finding aggravating factor nine.

With respect to aggravating factor two, "sentencing courts must avoid double-counting any element of an offense as an aggravating factor. . . ." State v. Lawless, 214 N.J. 594, 601 (2013). Accordingly, "[e]lements of a crime, including those that establish its grade, may not be used as aggravating factors for sentencing of that particular crime." Id. at 608.

---

[1] N.J.S.A. 2C:44-1 (a)(2) provides:

> The gravity and seriousness of harm inflicted on the victim, including whether or not the defendant knew or reasonably should have known that the victim of the offense was particularly vulnerable or incapable of resistance due to advanced age, ill-health, or extreme youth, or was for any other reason substantially incapable of exercising normal physical or mental power of resistance. . .

[2] "The need for deterring the defendant and others from violating the law. . ." N.J.S.A. 2C:44-1(a)(9).

A-1883-21

In this case, in support of finding that aggravating factor two applied, Judge Jimenez stated:

> Based on my reading of the [Presentence Report], I do find aggravating factor [two] applies, the gravity and seriousness of the harm inflicted on the victim. Because whether it was a touching or a penetration, as alleged by the State, and I cited the phrase "touching," recalling the defendant's plea. Either[] it was perpetrated on an 8-year-old girl at the time of the offense. And while I accept [defendant's] remorse as represented by his statement in court here today, for the difficulties now that he's going to have to experience as a result of this prison sentence, and whatever other consequences he is subjected to as a result of this sentence, I cannot lose sight of the fact that . . . the conduct to which he's admitted to has not only destroyed his own family, as represented by those who present themselves here in support of him. But it's also destroyed the family of the victim for what they've had to experience, and what they now have to live with for the rest of their lives, as well. . . .
>
> My hope would be that this young girl, the victim in this case, would be able to outgrow this experience . . . so that she could live a normal life, free of this memory because this is most certainly not a memory that she should be carrying with her because she doesn't deserve it. Because no 8-year-old deserves it, but all I can do is just hope. I hope that the defendant remembers, and never loses sight of this incident.

We are satisfied the judge did not commit impermissible double-counting by acknowledging the impact defendant's crime will have on the life of the young victim and her family. That impact is not an element of aggravated sexual

14

assault. Accordingly, counsel did not render constitutionally deficient assistance with respect to the sentencing court's consideration of the gravity and seriousness of the harm inflicted on the victim.

As for aggravating factor number nine, Judge Jimenez stated, "[a]ggravating factor [nine] applies, the need for deterring him and others from violating the law." It would seem self-evident that this type of criminal behavior warrants deterrence. We see no error whatsoever in the judge applying this aggravating factor, and no argument of counsel could render it inapplicable.

Defendant further argues, "counsel should have advocated for the court to consider the references who wrote and spoke for [defendant], which is what the court had said it would focus on in favor of a lower sentence." However, the sentencing judge stated, "I'm more concerned with what comes out of the defendant's mouth. I'm more concerned with what is available from the victim. And with regards to any character references that the defendant has, because those are the three things that I base my decision on." The record thus shows the judge did consider the character references. We add that viewed in context, those references by no means mitigate the serious sex crime defendant committed against an eight-year-old victim. In sum, we conclude defendant has

failed to show counsel's performance at the sentencing hearing was deficient or that he was prejudiced in any way by that performance.

Lastly with respect to defendant's ineffective assistance contentions, defendant argues,

> [t]he transcripts show that no one—the judge, the prosecutors, or defense counsel—knew what had already transpired and been agreed to, to [defendant's] detriment, and counsel's failure in knowing the history of his client's case, so that he could present a proper record and advocate for his client, resulted in a higher sentence for [defendant].

However, Judge Jimenez found in his PCR decision:

> While the turnover of attorneys on both sides was inefficient, it does not qualify as an error so severe that it prevented [d]efendant from receiving the representation guaranteed to him by the Sixth Amendment. The [c]ourt agrees with the State that any confusion surrounding the plea agreement was ultimately cleared up prior to [d]efendant accepting the plea. Additionally, the plea being offered to [d]efendant, even its final form, was incredibly favorable given the maximum sentence [d]efendant faced. As such, [d]efendant's attorneys worked in concert with the State so much so that they were able to secure such a favorable plea for [d]efendant.

We have no basis upon which to disturb this finding and agree with the PCR judge's ultimate conclusion that defendant has not carried his burden with respect to either prong of the Strickland/Fritz test. Having failed to prove a

prima facie case under that test, defendant is not entitled to an evidentiary hearing, much less to vacate his conviction or sentence.  See State v. Preciose, 129 N.J. 451, 462-63 (1992); see R. 3:22-10(b).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1883-21