NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-5227-15T3

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

TERRENCE HOUSER,

 Defendant-Appellant.

 Submitted September 6, 2017 – Decided October 3, 2017

 Before Judges Alvarez and Gooden Brown.

 On appeal from the Superior Court of New
 Jersey, Law Division, Essex County, Indictment
 No. 11-06-1159.

 Dmitriy Shakhnevich, attorney for appellant.

 Robert D. Laurino, Acting Essex County
 Prosecutor, attorney for respondent (Tiffany
 M. Russo, Special Deputy Attorney General/
 Acting Assistant Prosecutor, of counsel and
 on the brief).

PER CURIAM

 Defendant appeals a Law Division order denying post-

conviction relief (PCR). We affirm.

 On June 26, 2012, defendant entered a guilty plea to second-

degree aggravated assault, N.J.S.A. 2C:12-1B(1). The second count
of the indictment, charging him with third-degree endangering a

helpless person, N.J.S.A. 2C:12-1.2, was dismissed at sentencing.

 Defendant decided to plead guilty after being informed that

his co-defendant had pled guilty, and agreed to testify at trial.

The court rejected his factual basis on his first attempt, however,

because defendant's statements, which included describing kicking

and "stomping" the victim while he lay prostate on the ground,

raised the issue of self-defense. Defendant said he believed the

victim was carrying a handgun.

 After rejecting the plea, the court proceeded to address

defendant's Wade1 application in anticipation of trial. After

hearing the arguments and considering the evidence, the judge

found the photo arrays shown to the witnesses were not

impermissibly suggestive even though the background color of

defendant's photograph was lighter than the background color of

the other photographs. The judge observed that it was a "minimal"

difference. Accordingly, the judge denied the motion.

 At that point, the court was advised by defendant's attorney

that his client wished to address the judge. The judge responded:

 [t]his is the way it is; all right? I'm not
 here to get you to plead guilty. That's not
 what I'm here for. I'm not here to accept a
 guilty plea if you have a valid claim of self-

1
 United States v. Wade, 388 U.S. 218, 87 S. Ct. 1926, 18 L. Ed.
2d 1149 (1967).

 2 A-5227-15T3
 defense. That's not what I'm here for. That's
 not what I signed up for, and that's what I'm
 not interested in. All right?

 So we're prepared to go to trial. If you
 want your right to a jury trial, I'll give it
 to you, and . . . I'll try the case as fair
 as I can. That's . . . what I'll do.

 The judge then asked defendant if he wanted to again attempt

to establish a factual basis for the guilty plea, to which he

responded "[y]es." The judge next asked whether it was "a decision

you're making of your own free will[.]" The defendant responded,

"[y]es."

 This time, defendant acknowledged that he continued to punch

and kick the victim even after he lay defenseless on the ground.

As defendant put it, he "went a little overboard." Defendant

admitted that he could have walked away and acknowledged that he

actually did so. He returned a few seconds later, once more

punching and kicking the victim as he lay on the ground. Defendant

agreed that the assault continued even after the victim was clearly

no longer a threat. This time, the judge found defendant's sworn

statements satisfied the statutory elements, and that the

statements did not raise the issue of self-defense.

 Defendant was given a sentencing date of September 14, 2012,

and was warned regarding his obligation to return to court. See

State v. Subin, 222 N.J. Super. 227, 237-40 (App. Div. 1988)

 3 A-5227-15T3
certif. denied, 111 N.J. 580 (1988). Specifically, the judge told

defendant that if he failed to appear at sentencing, he could be

sentenced to the maximum for a second-degree offense, a ten-year

custodial term, instead of the seven years per the plea agreement.

 Defendant failed to appear. His attorney represented to the

court that defendant was in North Carolina, where his daughter was

undergoing surgery. Counsel further stated that he asked defendant

to document the claim, and that defendant had agreed to do so.

The State nonetheless requested a bench warrant, indicating that

if provided appropriate documentation, it would request rescission

of the bench warrant.2

 Defendant was apprehended in Georgia on the bench warrant.

On April 28, 2014, new counsel filed an application to withdraw

defendant's guilty plea on the grounds that the factual basis was

inadequate as it raised the issue of self-defense. The trial

judge reminded counsel of the fact that the video from the liquor

2
 In rendering his PCR decision, the judge said that the medical
documentation defendant provided did not demonstrate "an immediate
medical emergency that would preclude the defendant from being
present at trial -- or at sentencing." The judge also indicated
he had received a letter from defendant after his arrest on the
bench warrant. He wrote that he was afraid to go to prison and
"made a mistake" by failing to appear at sentencing. In that
letter, defendant claimed that the birth of his third child was
the factor that caused him to make the decision not to come to
court because he was "scared senseless." Defendant further stated
he wanted to withdraw his guilty plea and be assigned new counsel.

 4 A-5227-15T3
store in which the incident occurred depicted defendant and his

co-defendant pummeling and stomping the victim as he lay on the

ground. Nonetheless, counsel argued that defendant felt he was

being threatened by the victim; that he was only trying to defend

himself; and that at worst, defendant was guilty of a simple

assault.

 In opposition to the motion, the prosecutor played the video

in court. After watching it, the judge observed that the victim

was leaving the liquor store when defendant walked quickly in

front of him and struck him in the face, and that he continued to

attack. After that initial blow, the victim lay on the ground

motionless while defendant repeatedly kicked him in the head.

 Referring to State v. Slater, 198 N.J. 145 (2009), the judge

found that defendant's claim of innocence had no merit. The video

and defendant's sworn statements when the guilty plea was entered,

contradicted defendant's claim that the victim was threatening

patrons in the liquor store. The judge observed that had defendant

been genuinely concerned that the victim was armed, he would not

have turned his back on him. Furthermore, the video showed that

while the victim lay motionless on the sidewalk in front of the

store, defendant went back into the store to retrieve his gloves

and struck the victim again as he walked by him. Defendant's

conduct was intentional and not engaged in self-defense. The

 5 A-5227-15T3
judge stated that defendant "would have an uphill battle in getting

[self-defense] submitted to the jury based upon that evidence."

 The judge who decided the PCR motion, who was also the judge

who accepted defendant's plea and sentenced him, remembered

defendant stating that his guilty plea was being made voluntarily.

 During the sentencing proceeding that followed denial of the

motion to withdraw the guilty plea, defendant told the judge that

he did not return to court because his mother, who also spoke at

the sentencing and corroborated this narrative, told him she had

checked his case on a website and that it showed his case had been

dismissed. Defendant also said that his trial attorney compelled

him to enter the guilty plea, and that he was not provided a full

packet of discovery although he had seen the video. He denied

that the victim suffered severe injuries because of anything he

did, insisting that the victim was put into a drug-induced coma

only to treat minor scrapes and injuries.

 When he sentenced defendant, the judge detailed the victim's

injuries – which included bleeding to the brain and multiple facial

fractures, including a fracture of the cribrifon plate, which

caused air to enter into the victim's brain cavity. He was in a

medically induced coma on a ventilator for a period of time and

was diagnosed with traumatic brain injury resulting exclusively

from the assault. Defendant interrupted the judge, insisting that

 6 A-5227-15T3
the victim's brain injury was not referred to in the discovery he

had been given.

 At sentencing, the prosecutor recalled waiting for defendant

to appear on September 14, 2012, the original sentencing date,

with defendant's first attorney. As they waited, defense counsel

told the prosecutor that his client had called and said that he

was not coming. After the call, counsel put on the record

defendant's first reason for his non-appearance, his daughter's

alleged surgery. The prosecutor thus argued that it was clear

defendant simply decided to take his chances as a fugitive. He

urged the court to find at least aggravating factors two, three,

six, and nine. See N.J.S.A. 2C:44-1a(2), (3), (6), (9).

Defendant, in addition to assaulting a helpless victim, had a

record of arrests dating back to the year 2000 as a juvenile. The

assault in this case was defendant's fourth indictable conviction,

he had a history of violating probation, and four disorderly

persons convictions.

 The judge imposed the ten-year prison sentence as permitted

by the terms of the plea agreement. He found aggravating factors

two, three, six, and nine and no mitigating factors. See N.J.S.A.

2A:44-1b. Accordingly, the judge sentenced defendant to ten years

imprisonment, subject to eighty-five percent parole ineligibility

pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2.

 7 A-5227-15T3
 Defendant appealed his sentence by way of the excessive

sentence oral argument calendar. See R. 2:9-11. He contended

that he should have received the initial custodial term agreed to

in the plea agreement, or seven as opposed to ten years. We did

not agree because the trial judge gave detailed reasons for his

decisions, the record supported the aggravating factors, and the

sentence was imposed in accordance with the plea agreement. An

order denying relief was entered April 15, 2015. State v. Houser,

App. Div., A-0331-14 (April 15, 2015). Defendant's petition for

certification was denied on October 9, 2015. State v. Houser, 223

N.J. 283 (2015).

 In his pro se certification submitted in support of his

original petition for PCR, defendant alleged that his attorney

failed to properly investigate, only "representing defendant one

time [which] was the day he plead guilty[;]" failed to provide him

with discovery; failed to properly communicate the consequences

were he to take the matter to trial; and failed to explain to the

court that the reason defendant failed to appear on the date of

trial was that his daughter was in the hospital awaiting surgery.

He further certified that his trial attorney "cajoled" him into

pleading guilty.

 When he denied defendant's PCR application, the judge began

by reiterating his recollection of the liquor store video that

 8 A-5227-15T3
captured the incident and the grave injuries suffered by the

victim. The judge also recalled in detail the process that

ultimately led to defendant's sentence. He concluded that Rule

3:22-4(a) barred relief based on alleged shortcomings in the

factual basis for the plea, as the issue was suitable for direct

appeal. No evidentiary hearing was warranted. See R. 3:22-10.

Furthermore, defendant had entirely failed to show any prejudice

resulting from counsel's representation. Nothing in the record

demonstrated that defendant would have proceeded to trial but for

ineffective assistance of counsel.

 Defendant raises the following points for our consideration:

 POINT ONE

 POST-CONVICTION RELIEF IS THE PROPER FORUM TO
 REVIEW CONSTITUTIONAL ISSUES SURROUNDING THE
 POTENTIAL INEFFECTIVE ASSISTANCE OF COUNSEL
 CLAIMS, AS THOSE CLAIMS GENERALLY COULD NOT
 HAVE BEEN RAISED IN PRIO10R PROCEEDINGS.

 POINT TWO

 THE LOWER COURT ERRED IN DENYING DEFENDANT'S
 PETITION FOR POST-CONVICTION RELIEF BECAUSE
 DEFENDANT'S COUNSEL WAS INEFFECTIVE IN
 REPRESENTING DEFENDANT IN COURT ONLY ONCE, ON
 THE DAY OF THE GUILTY PLEA, AND CONFERRING
 WITH DEFENDANT ONLY ONCE PRIOR TO THE
 ACCEPTANCE OF SAID PLEA.

 POINT THREE

 THE LOWER COURT ERRED IN DENYING DEFENDANT'S
 PETITION FOR POST-CONVICTION RELIEF BECAUSE
 DEFENDANT'S COUNSEL WAS INEFFECTIVE IN FAILING

 9 A-5227-15T3
 TO PERFORM RESEARCH, INVESTIGATING AND
 INTERVIEWING WITNESSES, DISCUSSING FACTUAL
 DEFENSES WITH DEFENDANT, PROPERLY REVIEWING
 DISCOVERY AND MAKING INSUFFICIENT ARGUMENTS AT
 SENTENCING.

 POINT FOUR

 THE LOWER COURT ERRED IN DENYING DEFENDANT'S
 PETITION FOR POST-CONVICTION RELIEF BECAUSE
 DEFENDANT'S COUNSEL PRESSURED DEFENDANT TO
 PROCLAIM GUILT IN CONTRADICTION OF DEFENDANT'S
 CLAIMS OF INNOCENCE AND INTENTIONALLY MISLED
 DEFENDANT.

 POINT FIVE

 THE LOWER COURT ERRED IN DENYING DEFENDANT'S
 PETITION FOR POST-CONVICTION RELIEF BECAUSE
 THE FACTUAL BASIS SUPPORTING DEFENDANT'S PLEA
 WAS INADEQUATE AND INSUFFICIENT TO ALLOW
 DEFENDANT TO PLEAD GUILTY IN THIS CASE.

 POINT SIX

 DEFENDANT REASSERTS ALL OTHER ISSUES RAISED
 IN DEFENDANT'S PRO SE PETITION FOR POST-
 CONVICTION RELIEF AND IN PCR COUNSEL'S BRIEF
 IN SUPPORT OF POST-CONVICTION RELIEF.

 In order to establish a prima facie claim of ineffective

assistance of counsel at trial, a defendant must, pursuant to the

familiar standard, demonstrate that counsel made errors "so

serious that counsel was not functioning as the 'counsel'

guaranteed the defendant by the Sixth Amendment." Strickland v.

Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064, 80 L. Ed.

2nd 674, 693 (1984); State v. Fritz, 105 N.J. 42, 52 (1987). An

attorney's representation is deficient when it "[falls] below an

 10 A-5227-15T3
objective standard of reasonableness." Strickland, supra, 466

U.S. at 688, 104 S. Ct. at 2064, 80 L. Ed. 2nd at 693; Fritz,

supra, 105 N.J. at 58.

 Additionally, a defendant "must show that the deficient

performance prejudiced the defense." Strickland, supra, 466 U.S.

at 687, 104 S. Ct. at 2064, 80 L. Ed. 2nd at 693; Fritz, supra,

105 N.J. at 52. The prejudice standard is met if there is "a

reasonable probability that, but for counsel's unprofessional

errors, the result of the proceeding would have been different."

Strickland, supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed.

2nd at 698; Fritz, supra, 105 N.J. at 52. A reasonable probability

is one that undermines confidence in the outcome. Strickland,

supra, 466 U.S. at 694, 104 S. Ct. at 2068, 80 L. Ed. 2nd at 698;

Fritz, supra, 105 N.J. at 52.

 The standard is essentially the same with regard to the entry

of guilty pleas. A defendant must establish first that the

representation was deficient. Secondly, a defendant must

demonstrate that, but for counsel's errors, defendant would not

have entered into a plea agreement with the State and would have

proceeded to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S. Ct.

366, 370, 88 L. Ed. 203, 210 (1985). Prejudice is not presumed

except in cases exemplified by egregious shortcomings in the

 11 A-5227-15T3
professional performance of counsel. Fritz, supra, 105 N.J. at

61.

 In this case, defendant's substantive points two through

five, are based on uncorroborated bare assertions that conflict

with the record made available to us. He alleges, for example,

that his attorney only met with him on the day that the plea was

entered. In light of the fact that the matter was listed for

trial the day the Wade motion was heard, that claim lacks

credibility. Among other things, Rule 3:9-1(f) requires that

before a case is given a trial date, a pre-trial conference must

be conducted on the record. At that time, a defendant is asked

if he or she understands "the salient facts and anticipated

proofs." Ibid. That conference would only have been conducted

in defendant's presence.

 Furthermore, it was defendant who initiated the entry of his

guilty plea, not his attorney. See State v. Cummings, 321 N.J.

Super. 154, 170 (App. Div. 1999), certif. denied, 162 N.J. 199

(1999) (stating "in order to establish a prima facie claim, a

petitioner must do more than make bald assertions that he was

denied ineffective assistance of counsel.")

 Defendant's argument regarding the allegedly insufficient

factual basis, with which we do not agree on the merits, is barred

 12 A-5227-15T3
by Rule 3:22-4(a). This argument should have been made on direct

appeal and was not.

 Finally, defendant under the authority of State v. Rue, 175

N.J. 1 (2002), urges us to consider all the arguments raised by

PCR counsel and defendant pro se not included in the points we

have addressed. None warrant discussion on the merits. See R.

2:11-3(e)(2).

 Ultimately, this was an extended term eligible defendant,

whose unprovoked attack was captured on film, and resulted in a

serious brain injury inflicted upon a total stranger. See N.J.S.A.

2C:43-7a(3) and 2C:44-3a. Once having negotiated a favorable

guilty plea, defendant then failed to appear for sentencing and

gave at least three different justifications for his non-

appearance, none of which were supported by the record. It appears

to us that he was represented by competent counsel who did a

creditable job in negotiating a favorable plea in light of the

State's overwhelming proofs. The representation was not

deficient. Since counsel was not ineffective, defendant's

decision to waive his right to a trial and enter a guilty plea was

not a result of counsel's errors.

 Affirmed.

 13 A-5227-15T3