# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0320-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

JARON STROTHER, a/k/a
JARON STROTHERS,
TYQUAN STROTHER,
JARON DECHAUN STROTHER,
and JASON STROTHER,

    Defendant-Appellant.

_____

Argued November 14, 2023 – Decided December 11, 2023

Before Judges Rose, Smith and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 11-10-2489.

Kayla Elizabeth Rowe, Designated Counsel, argued the cause for appellant (Joseph E. Krakora, Public Defender, attorney; Kayla Elizabeth Rowe, on the briefs).

Bethany L. Deal, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney

General, attorney; Lauren Bonfiglio, Deputy Attorney General, of counsel and on the brief).

PER CURIAM

Defendant Jaron Strother appeals from a July 26, 2022 order denying his petition for post-conviction relief (PCR) following an evidentiary hearing. Prior to the hearing, defendant contended his plea counsel was ineffective because he was not informed his plea might subject him to civil commitment under the New Jersey Sexually Violent Predator Act (SVPA), N.J.S.A. 30:4-27.24 to -27.38. Defendant sought vacation of his guilty plea and sentence – for the sole purpose of effectuating his immediate release from the Special Treatment Unit (STU). For the first time during the hearing, defendant claimed he was innocent of the sexual offense at issue. Following the hearing, the PCR judge entered the order and issued a cogent written decision rejecting defendant's contentions. Because the PCR judge's findings are "are supported by sufficient credible evidence in the record," State v. Nash, 212 N.J. 518, 540 (2013), we affirm.

I.

We summarize the pertinent facts and procedural history from the record before the PCR judge. In March 2013, defendant pled guilty to second-degree sexual assault by physical force or coercion, N.J.S.A. 2C:14-2(c), and second-degree certain persons not to have firearms, N.J.S.A. 2C:39-7, charged in

Atlantic County Indictment No. 11-10-2489; and fourth-degree hindering apprehension, N.J.S.A. 2C:29-3, charged in a second indictment.

Pertinent to this appeal, prior to entering his guilty plea to sexual assault, defendant initialed and signed the plea form and supplemental plea forms for sexual offenses. One of these forms, "New Jersey Judiciary Additional Questions for Certain Sexual Offenses," reflected defendant answered, "Yes" in response to question 7, which was entitled, "Civil Commitment," and asked:

> Do you understand that if you are convicted of a sexually violent offense, such as aggravated sexual assault, sexual assault, aggravated criminal sexual contact, kidnapping . . . criminal sexual contact, felony murder if the underlying crime is sexual assault, an attempt to commit any of these offenses, or any offense for which the court makes a specific finding on the record that, based on the circumstances of the case, the offense should be considered a sexually violent offense, you may upon completion of your term of incarceration be civilly committed to another facility for up to life if the court finds, after a hearing, that you are in need of involuntary civil commitment?

During his plea colloquy, defendant acknowledged under oath that he "t[ook] the time to go over the whole form, item by item, with the help of [plea counsel]," and "answer[ed] all the questions on the form honestly." Defendant also answered, "Yes," to the court's inquiry: "While you were going through those papers, to the extent that you had any lingering questions or need[ed]

explanations of the plea agreement or any other considerations, was [plea counsel] able to answer your questions to your satisfaction?"

Defendant testified he understood in exchange for his guilty pleas the State recommended a five-year prison sentence subject to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2, on the sexual assault charge, to be imposed concurrently to a five-year prison sentence, with a mandatory five-year parole disqualifier subject to the Graves Act, N.J.S.A. 2C:43-6(c), on the certain persons charge, 365 days' imprisonment on the hindering charge, and dismissal of all remaining charges. The plea agreement also subjected defendant to the reporting requirements under Megan's Law, N.J.S.A. 2C:7-1 to -23, parole supervision for life, a psychological and physical evaluation at the Avenel Diagnostic and Treatment Center (ADTC), and no contact with the victim.

Defendant further acknowledged the "no show – no recommendation" term of the plea agreement, permitting the State to argue for the maximum sentence if defendant failed to appear at sentencing. See State v. Subin, 222 N.J. Super. 227, 240 (App. Div. 1988) (permitting the State to recommend a harsher sentence if the defendant fails to appear for sentencing). Defendant confirmed he was entering a guilty plea because he was guilty of the offenses charged and he was satisfied with plea counsel's advice.

A-0320-22

In his factual basis for his guilty plea to the sexual assault offense, defendant testified that on July 3, 2011, he had vaginal-penile intercourse "with S.S. by holding her down against her will."  The court accepted defendant's guilty plea finding defendant "read, signed, and understood the plea form and the thirteen pa[ges] of supplements."

Defendant failed to appear for his mandatory evaluation at the ADTC and sentencing hearing.  While on the lam, defendant committed new crimes.  Just prior to his eventual sentencing in June 2014, defendant pled guilty to third-degree terroristic threats, N.J.S.A. 2C:12-3(b), charged in a third indictment, and fourth-degree possession of a stun gun, N.J.S.A. 2C:39-3(h), charged in a fourth indictment.  Because his ADTC report indicated his conduct did not constitute a pattern of repetitive and compulsive sexual behavior, defendant was not eligible for sex offender treatment in prison.  See N.J.S.A. 2C:47-3.  Defendant was sentenced to an aggregate prison term of eight years, subject to NERA, and the collateral consequences for sexual offenses set forth in the plea agreement.  The judgment of conviction (JOC) was entered in July 2014.

On direct appeal, defendant only challenged his sentence, which this court heard on an excessive sentencing calendar pursuant to Rule 2:9-11.  We rejected

defendant's contentions and affirmed. State v. Strother, No. A-5638-13 (App. Div. Jan. 13, 2015).

Thereafter, in January 2020, defendant was charged in a fifth indictment with various sexual offenses allegedly committed upon two children under the age of thirteen.[1] Two months later, just prior to defendant's release date, the Attorney General's Office moved for civil commitment under the SVPA, and a temporary commitment order was issued. After his prison term was completed, on March 27, 2020, defendant was transferred to the STU, where he remains temporarily committed pending the outcome of his PCR application.

In July 2021, seven years after the JOC was entered, defendant filed an untimely pro se petition for PCR, see R. 3:22-12(a)(1), addressing only his convictions under the first indictment. Defendant asserted neither the trial court nor plea counsel informed him about the potential for civil commitment under the SVPA. After PCR counsel was assigned, defendant amended his petition, clarifying he sought immediate release from the STU.

Following oral argument on December 9, 2021, the PCR judge, who was not the plea and sentencing judge, granted defendant's application for an

---

[1] According to the record provided on appeal, the offenses charged in this indictment remain open.

A-0320-22

evidentiary hearing. Assuming arguendo defendant was unaware of the potential for civil commitment following the completion of his prison term and the ensuing pandemic inhibited access to the STU's law library, the judge found defendant "made a prima facie case" for a hearing and relaxed the time bar.

Defendant was the only witness called at the hearing. He claimed plea counsel "never discussed" the possibility of civil commitment. Defendant testified "had [he] been informed of the possibility of this indefinite period of civil commitment," he would not have entered a guilty plea. Defendant stated: "I was going to trial the whole time. I entered the guilty plea based on the reinstatement of my bail, and the combining of the charges that . . . [were] run concurrent."

Defendant acknowledged plea counsel showed him the plea forms but claimed they "didn't have time" to review them. He further claimed plea counsel circled all the answers to the questions on the plea forms and "basically told [him] that everything that applied to [him] was circled. If it didn't apply to [him], it wasn't circled."

Defendant acknowledged that during the plea hearing he admitted he sexually assaulted S.S. but stated he only did so because plea counsel advised

A-0320-22

"that's what needed to be said to fit the qualifications to take the plea deal." Defendant testified: "I still maintain my innocence that the sex was consensual."

On cross-examination, defendant confirmed any answers that were circled on the supplemental plea form "applied to [him]," and the answer to question 7 under "Civil Commitment" was circled. Defendant further confirmed his signature appeared at the bottom of the page. When shown the transcript of the plea hearing, defendant acknowledged he: answered, "Yes" to several questions posed by the plea judge referenced above, including that he recognized the forms his plea counsel had reviewed with him; reviewed the questions with the assistance of plea counsel; and gave honest answers to the questions posed in the forms.

Following the evidentiary hearing, the PCR judge reserved decision. Thereafter, the judge issued a cogent written opinion and memorializing order, denying relief. The judge squarely addressed the issues raised in view of the governing law. Noting defendant failed to present the testimony of plea counsel, "any other witness," or "any other evidence to corroborate his claims," the judge "f[ound] his testimony completely self-serving and lacking in credibility." Contrasting defendant's colloquy during his plea hearing with his testimony at the PCR hearing, the judge rejected defendant's belated claim of innocence. The

A-0320-22

judge reasoned: "As the denial of culpability is more self-serving at this time, and the plea to the [second-]degree sexual assault is a more onerous admission against [defendant]'s interest, it is clear that his testimony at the evidentiary hearing was disingenuous."

The judge elaborated:

> In the context of the self-serving testimony outlined above, the court cannot accept and does not accept on the basis of [defendant]'s incredible testimony alone, that [defendant]'s attorney at the time of the plea failed to review the plea[] forms with him in detail and that he was unaware of all of the consequences of the plea to these crimes, including the potential for civil commitment. While the testimony that the plea form was filled out, that the answers to the questions were circled when his attorney reviewed it with him, may at first blush seem alarming, in reality, this court is aware that attorneys will frequently fill out the form for their clients as a result of them being handcuffed while at court, but nonetheless would review the form with their client extensively before their undergoing the plea on the record. [Defendant] testified he met with his attorney and had an opportunity to review the consequences of his plea with counsel. He detailed the contents of this conference from his self-serving perspective, indicating that while there "actually wasn't time" to review the plea forms, and that they were shown to him "briefly," he had time to discuss the consequences of the plea as he recalls, and to quote the exact advice he alleges was given by his attorney, which notably did not include any reference to the consequences detailed in Paragraph 7 of S-1, but included essentially all of the other consequences of [d]efendant's plea. Yet the question

9

was answered and acknowledged by [defendant] on the record. The very page where this consequence is detailed is signed by [defendant], with his signature being acknowledged by him, on the record, under oath in open court. This court cannot find, by a preponderance of the evidence presented by [d]efendant, that there has been a substantial denial of his constitutional rights, including his right to effective assistance of counsel. [Defendant] seeks to expand the reach of Bellamy[2] by insisting that the court taking the plea should have specifically asked [defendant] question 7 verbatim, rather than asking if he had reviewed each and every question and answered the questions honestly. Bellamy directed the Criminal Practice Committee and the Administrative Director to revise the plea form to "include an appropriate reference to the Act for use in all cases where defendant pleads guilty to a predicate offense under the Act." This has been the status of the law regarding this type of plea since 2003 and no reviewing court has seen fit to change or find fault with the procedure whereby a plea of this type is taken. With regard to the claim of ineffective assistance of counsel . . . , [defendant] has not shown that counsel was deficient, and while that is a necessary component of that claim, [defendant] has also not shown a reasonable likelihood of succeeding or that the outcome of the proceeding would have been different, other than his self-serving testimony that he believed he was innocent of the charge and would have gone to trial if he knew of the potential for indefinite civil commitment, which testimony is wholly lacking in credibility.

This appeal followed.

---

2  State v. Bellamy, 178 N.J. 127 (2003).

II.

Defendant now raises the following points for our consideration:

POINT I

THIS COURT SHOULD GRANT [DEFENDANT] [PCR] BECAUSE PLEA COUNSEL FAILED TO ADVISE HIM OF THE POTENTIAL FOR CIVIL COMMITMENT, WHICH CONSTITUTED THE INEFFECTIVE ASSISTANCE OF COUNSEL AND A FUNDAMENTAL INJUSTICE.

A. New Jersey law requires defense attorneys and criminal courts to ensure that defendants pleading guilty to certain offenses know that they may one day be subject to civil commitment.

B. The PCR court's factual findings are not supported by the record and ignored misleading statements by plea counsel and the court contained in the plea record.

POINT II

[DEFENDANT] ASKS THIS COURT TO GRANT HIM [PCR], ALLOW HIM TO WITHDRAW HIS GUILTY PLEA, AND ORDER HIS IMMEDIATE RELEASE FROM CIVIL COMMITMENT.

Having considered defendant's contentions in light of our deferential standard of review following an evidentiary hearing on PCR, we conclude the judge's findings "are supported by sufficient credible evidence in the record." See Nash, 212 N.J. at 540. We affirm substantially for the reasons expressed by

11

Judge Nancy Ridgway in her well-reasoned written opinion that accompanied the order under review. We add only the following comments.

As a preliminary matter, we reject the State's argument, raised in its responding brief, that defendant's petition was procedurally barred and untimely. Noting defendant's direct appeal failed to challenge his sexual assault plea or conviction, the State argues defendant's petition is procedurally barred pursuant to Rule 3:22-4. The State also contends defendant's petition was untimely filed under Rule 3:22-12(a)(1), because it was filed more than five years after his JOC was entered and more than one year after he was transferred to the STU. The State did not move for leave to appeal from the PCR judge's December 9, 2021 decision granting an evidentiary hearing and thereby excusing the procedural and timeliness bars.[3]

In her July 26, 2022 decision denying PCR, the judge amplified her reasons for considering defendant's petition and granting a hearing:

> The court accepted the cause of the delay as argued by [defendant] and permitted the time bar to be expanded. If the extent and cause of the delay was due [to defendant]'s expectations and understanding of his plea and the consequences of same, and were the cause of the delay, as exacerbated by the C[OVID]-19 [p]andemic, it would be appropriate to allow this matter to be determined by the court. If found to be factual,

---

[3] It is unclear from the record whether the judge entered a memorializing order.

 A-0320-22

> [defendant]'s claim would be of great importance for future courts when obtaining a knowing and voluntary plea under the Act and requires further inquiry as to whether there has been an injustice sufficient to relax the limitation. In order to assess [defendant]'s claim the court also determined an evidentiary hearing should be permitted.

Based on the confluence of factors presented in this matter, we neither discern any error in the judge's decision to address the merits of defendant's claims nor to do so following an evidentiary hearing.

We turn to the contentions raised in defendant's first point. For the first time on appeal, defendant argues the Supreme Court's decision in State v. Nuñez-Valdez, 200 N.J. 129, 138 (2009), when viewed in conjunction with its decision in Bellamy, mandates the trial court explicitly inquire whether a defendant understands the entry of a guilty plea to certain sexual offenses could result in civil commitment. Defendant contends his matter is similar to the defendant's ineffective assistance of counsel claim in Nuñez-Valdez. Defendant argues in that case, the "Court accepted the defendant's factual claims that plea counsel misinformed him about the deportation consequences of his plea" even though the defendant had completed the plea form with plea counsel, who "circled 'yes' next to the question, 'Do you understand that if you are not a United

A-0320-22

States citizen or national, you may be deported by virtue of your plea of guilty?'" See id. at 141. Defendant's argument is misplaced.

"A defendant asserting plea counsel's assistance was ineffective may meet the first prong of the Strickland[4] standard if the defendant can show counsel's representation fell short of the prevailing standards expected of criminal defense attorneys." State v. Vanness, 474 N.J. Super. 609, 624 (App. Div. 2023) (citing Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010)). Accordingly, a defense attorney must not "provide misleading, material information that results in an uninformed plea." State v. Gaitan, 209 N.J. 339, 353 (2012) (quoting Nuñez-Valdez, 200 N.J. at 139-40). "Plea counsel's performance will not be deemed deficient if counsel has provided the defendant 'correct information concerning all of the relevant material consequences that flow from such a plea.'" Vanness, 474 N.J. Super. at 624 (quoting State v. Agathis, 424 N.J. Super. 16, 22 (App. Div. 2012)); see also Nuñez-Valdez, 200 N.J. at 138-39.

---

[4] Strickland v. Washington, 466 U.S. 668, 687 (1984) (requiring a defendant seeking PCR on ineffective assistance of counsel grounds to demonstrate: (1) the particular manner in which counsel's performance was deficient; and (2) that the deficiency prejudiced defendant's right to a fair trial); see also State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-part test in New Jersey).

Unlike the defendant in Nuñez-Valdez, defendant in the present matter does not assert his plea counsel provided affirmatively inaccurate, false, or misleading information about the consequences of his plea. Nor did defendant demonstrate that plea counsel failed to inform him about the potential civil commitment consequences.

Rather, the judge discredited defendant's "self-serving" testimony, which was belied by the record evidence. That evidence included defendant's signature on the supplemental plea form, reflecting defendant answered, "Yes," to the "Civil Commitment" question and defendant's colloquy with the trial court confirming he had reviewed all the plea forms – "item by item" – with his attorney. Further, although the judge granted defendant's application for an evidentiary hearing, defendant failed to call plea counsel as a witness or present any other evidence in support of his claim.

In summary, we discern no basis to disturb the PCR judge's decision. Any remaining contentions lack sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0320-22